**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT SINGH; MANJIT KAUR, | No. 07-71867 |
| Petitioners, | Agency Nos. A079-273-928 |
| v. | A079-273-929 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Paramjit Singh and Manjit Kaur, natives and citizens of India, petition for

review of the Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's decision denying their application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding in light of the Immigration and Naturalization Service's overseas investigation report ("INS report") concluding Singh's medical records were fraudulent and that his father's statements to investigators contradicted the contents of his affidavit. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the testimony the agency found not credible, and they do not point to any evidence showing it is more likely than not that they will be tortured in India, their CAT claim also fails. *See id*. at 1156-57.

Petitioners' contention that the INS report was inadmissible on the basis that petitioners lacked an opportunity to cross-examine its authors, and because the report was unreliable, fails because the report was "probative" and its admission

07-71867

was "fundamentally fair." *See Zahedi v. INS*, 222 F.3d 1157, 1164 n.6 (9th Cir.

2000) (internal quotation omitted).

**PETITION FOR REVIEW DENIED.**